<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

_____ District of __Delaware__
                        (State)

Case number (*If known*): _____    Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.*

| 1. | **Debtor's name** | Cubic Energy, Inc. |
|---|---|---|

| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |
|---|---|---|

| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 7 – 0 3 5 2 0 9 5 |
|---|---|---|

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9870 Plano Road | |
| Number      Street | Number      Street |
| | P.O. Box |
| Dallas            TX        75238 | |
| City            State     ZIP Code | City            State     ZIP Code |
| Dallas | **Location of principal assets, if different from principal place of business** |
| County | Number      Street |
| | |
| | City            State     ZIP Code |

| 5. | **Debtor's website (URL)** | www.cubicenergyinc.com |
|---|---|---|

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding  LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    Cubic Energy, Inc.                            Case number (if known)_____
         Name

---

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>   <u>1</u>   <u>1</u>   <u>1</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                 MM / DD / YYYY

          District _____ When _____ Case number _____
                                 MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor   See attached Schedule 1         Relationship _____

         District _____ When _____
                                         MM / DD / YYYY

         Case number, if known _____

---

Debtor    Cubic Energy, Inc._____    Case number (if known)_____
          Name

**11. Why is the case filed in this district?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                        Number        Street

_____

_____
City                                  State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name    _____

    Phone    _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49          ☐ 1,000-5,000       ☐ 25,001-50,000
☒ 50-99         ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000     ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☒ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million   ☐ More than $50 billion

---

| Debtor | Cubic Energy, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | | | |
|---|---|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | | |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion | | |

---

### Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/11/2015
　　　　　　　MM / DD / YYYY

X _____          Jon S. Ross
Signature of authorized representative of debtor          Printed name

Title  Executive Vice President, Corporate Secretary

**18. Signature of attorney**

_____  Date  12/11/2015
Signature of attorney for debtor          MM / DD / YYYY

Neil B. Glassman, Esq.
Printed name

Bayard, P.A.
Firm name

222 Delaware Avenue, Suite 900
Number    Street

Wilmington          DE    19801
City          State    ZIP Code

(302) 655-5000          nglassman@bayardlaw.com
Contact phone          Email address

2087          Delaware
Bar number          State

---

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-34144      .

2. The following financial data is the latest available information and refers to the debtor's condition on  03/31/2015      .

    a. Total assets                      $           120,740,482.00

    b. Total debts (including debts listed in 2.c., below)    $           114,177,089.00

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock                 116,920

    e. Number of shares common stock                    77,505,908

    Comments, if any: _____

\* Includes 18,168 Shares at Series B Convertible Preferred Stock and 98,752 Shares of Series C redeemable voting preferred stock.

3. Brief description of debtor's business: _____

   The Company is an independent energy company engaged in the development and production of, and exploration for, crude oil, natural gas, and natural gas liquids.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

 1) funds managed by Anchorage Capital Group, LLC; 2) funds managed by O-Cap Management, L.P.; 3)  William L. Bruggeman, Jr.; 4)  Wells Fargo Energy Capital, Inc.; 5) Calvin A. Wallen, III

## Voluntary Petition - Schedule 1

The following affiliated entities (collectively, the "Debtors") will be filing, or have filed, voluntary bankruptcy petitions on December 11, 2015.

| Name of Debtor | Date Filed | District | Relationship to Other Debtors |
|---|---|---|---|
| Cubic Energy, Inc. | December 11, 2015 | District of Delaware | Affiliate |
| Cubic Asset Holding, LLC | December 11, 2015 | District of Delaware | Affiliate |
| Cubic Asset, LLC | December 11, 2015 | District of Delaware | Affiliate |
| Cubic Louisiana Holding, LLC | December 11, 2015 | District of Delaware | Affiliate |
| Cubic Louisiana, LLC | December 11, 2015 | District of Delaware | Affiliate |

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **CUBIC ENERGY, INC.,** | § | **Case No. 15-_____** |
| | § | |
| Debtor. | § | **Joint Administration Pending** |
| | § | |

### STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007 AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Cubic Energy, Inc. ("Cubic Energy"), the above-referenced debtor and debtor in possession, files this *Statement of Corporate Ownership Pursuant to Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure* and respectfully submits the following:

1.      One or more funds managed by Anchorage Capital Group, LLC possess the right to purchase and vote more than 10% of Cubic Energy's common stock.  Such funds also possess more than 10% of Cubic Energy's Series C preferred stock.

2.      O-Cap Management possesses the right to purchase and vote more than 10% of Cubic Energy's common stock.  Such funds also possess more than 10% of Cubic Energy's Series C preferred stock.

3.      Wells Fargo Energy Capital, Inc. possesses the right to purchase and vote more than 10% of Cubic Energy's common stock.

4.      Langtry Mineral & Development, LLC possess 10% or more of Cubic Energy's Series B Preferred stock.

5.      Tauren Exploration, Inc. possess 10% or more of Cubic Energy's Series B Preferred stock.

[Remainder of Page Intentionally Left Blank]

#35329942

Fill in this information to identify the case and this filing:

Debtor Name    Cubic Energy, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
                                                                          (State)

Case number (if known): _____

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets--Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule ____*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/11/2015          ✗ _____
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                   Jon S. Ross
                                   Printed name

                                   Executive Vice President, Corporate Secretary
                                   Position or relationship to debtor

## OMNIBUS CONSENT

### December 8, 2015

The undersigned, being all of the members of the board of directors (the "Board") of Cubic Energy, Inc., a Texas corporation (the "Company"), and each of the sole members (the "Subsidiary Sole Members") of the Company's direct and indirect subsidiaries, Cubic Asset LLC, a Delaware limited liability company, Cubic Asset Holding, LLC, a Delaware limited liability company, Cubic Louisiana Holding, LLC, a Delaware limited liability company, and Cubic Louisiana, LLC, a Delaware limited liability company (collectively, the "Filing Subsidiaries,", and together with the Company, the "Filing Entities"), do hereby take the following actions and adopt the following resolutions by unanimous written consent.

## AUTHORIZATION FOR BANKRUPTCY FILING AND RELATED MATTERS

**WHEREAS**, at this meeting and at prior meetings, the Board and the Subsidiary Sole Members received extensive reports from the officers of the Filing Entities regarding the financial conditions and operations of the Filing Entities; and

**WHEREAS**, at this meeting and at prior meetings, the Board and the Subsidiary Sole Members have extensively reviewed the restructuring alternatives available to the Company and the Filing Subsidiaries in light of the financial and operational condition of the Filing Entities; and

**WHEREAS**, the Board and the Subsidiary Sole Members have consulted with and received advice from Houlihan Lokey Capital, Inc. ("Houlihan"), financial advisor to the Filing Entities, and Holland & Knight LLP ("Holland & Knight"), legal counsel to the Filing Entities, regarding the strategic alternatives available to the Filing Entities as a result of the current financial and operational condition of the Filing Entities; and

**WHEREAS**, the Board and the Subsidiary Sole Members have been advised by the senior management of the Filing Entities that (i) the Filing Entities are unable to meet their obligations as they come due in the usual course of business, and that the Filing Entities can no longer continue their businesses profitably, and (ii) various creditors, absent a restructuring proposal, would likely begin to exercise remedies against the Filing Entities.

## AUTHORIZATION FOR BANKRUPTCY FILING

**WHEREAS**, the Board and the Subsidiary Sole Members, after considerable review of the financial condition and circumstances of the Filing Entities, including the information presented by the Filing Entities' advisors, have made the informed determination that it is in the best interests of the Filing Entities, and their respective members, stockholders and other equity holders, their creditors and other interested parties, to file voluntary petitions (the "Voluntary Petitions") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**NOW THEREFORE, BE IT RESOLVED**, that the Filing Entities be, and hereby are, authorized to file with the United States Bankruptcy Court for the District of Delaware, or with

any other appropriate bankruptcy court with jurisdiction (the "Bankruptcy Court"), the Voluntary Petitions for reorganization pursuant to the Bankruptcy Code and to perform any and all such acts as the Board, the Subsidiary Sole Members, President, Vice President, Secretary, or other appropriate or designated officer or representative of the Filing Entities (individually, each an "Authorized Representative" and collectively the "Authorized Representatives") deems to be reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered to execute and deliver and file or cause to be filed with the Bankruptcy Court, on behalf of the Filing Entities, the Voluntary Petitions pursuant to Chapter 11 of the Bankruptcy Code and any and all other documents necessary or appropriate in connection therewith, each in such form or forms as the Authorized Representative(s) so acting may approve; and

**FURTHER RESOLVED**, that the Filing Entities be, and they are hereby, authorized to file the Voluntary Petitions; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered to take or cause to be taken any and all such further action, to execute and deliver any and all such further instruments and documents and to pay all such fees and expenses, as the Authorized Representative(s) so acting shall deem necessary, appropriate, or desirable in his, her or their judgment to fully carry out the intent and accomplish the purposes of these resolutions; and

**FURTHER RESOLVED**, that all actions heretofore taken by the Authorized Representatives, in the name of and on behalf of the Filing Entities, in connection with any of the foregoing matters be, and hereby are, in all respects ratified, confirmed and approved; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Filing Entities, to employ and retain Holland & Knight, as general restructuring counsel for the Filing Entities in their bankruptcy cases (the "Chapter 11 Cases") to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Filing Entities, including filing any pleadings and filing the Plan and Disclosure Statement (as such terms are later defined herein); and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute the appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Filing Entities' Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Holland & Knight; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Filing Entities, to employ and retain Bayard, P.A. ("Bayard"), as Delaware counsel for the Filing Entities in their Chapter 11 Cases to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Filing Entities, including filing any pleadings and filing the Plan and Disclosure Statement (as such terms are

later defined herein); and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute the appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Filing Entities' Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Bayard; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Filing Entities, to employ and retain Houlihan, as financial advisor for the Filing Entities to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Filing Entities, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute the appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Houlihan; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Filing Entities, to engage and retain Prime Clerk LLC as both (i) the Filing Entities' noticing, balloting, and claims agent; and (ii) their administrative advisor, to represent and assist the Filing Entities in their Chapter 11 Cases, and to take any and all actions to advance the Filing Entities' rights and obligations, and in connection therewith, the Filing Entities are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered to use in connection with the Filing Entities' Chapter 11 Cases and in accordance with the provisions of the Bankruptcy Code, any cash collateral pursuant to agreement(s) reached with their creditors or otherwise; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered to negotiate, execute, and deliver agreements with regard to the use of cash collateral in connection with the Filing Entities' Chapter 11 Cases and in accordance with the provisions of the Bankruptcy Code, including any agreement(s) that may require the Filing Entities to grant liens and make payments to the Filing Entities' existing lenders, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on behalf of the Filing Entities pursuant thereto or in connection therewith, all with such changes therein and additions thereto that are in accordance with the provisions of the Bankruptcy Code as any Authorized Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**FURTHER RESOLVED**, that the Authorized Representatives, or any of them be, and each hereby is, authorized, directed, and empowered, on behalf of and in the name of the Filing Entities to employ and retain such other legal, accounting, financial, and bankruptcy services

firms as may be deemed necessary, appropriate, or desirable by the Authorized Representatives for the Chapter 11 Cases.

**AUTHORIZATION FOR ENTRY INTO PLAN SUPPORT AGREEMENT AND TRANSACTIONS CONTEMPLATED THEREUNDER**

**WHEREAS,** the Filing Entities have provided the Board and Subsidiary Sole Members with a proposed Plan Support Agreement, which would be by and among each of the Filing Entities, each of the holders of the outstanding 15.5% Senior Secured Notes due 2016 issued by the Filing Entities pursuant to a Note Purchase Agreement, dated October 2, 2013 (such note holders, the "Prepetition Noteholders"), each of the holders of (a) certain Class A or Class B warrants to purchase shares of the common stock, par value $0.05 per share, of the Company and (b) certain shares of Series C Voting Preferred Stock, par value $0.01 per share, of the Company, in each case, purchased pursuant to a Warrant and Preferred Stock Agreement, dated as of October 2, 2013 (such preferred stock and warrant holders, the "Warrant Holders"), BP Products North America, Inc., a Maryland corporation, BP Energy Company, a Delaware corporation, Wells Fargo Energy Capital, Inc., a Texas corporation, and Fossil Operating Inc. (such agreement, including any exhibits, schedules, amendments, supplements, or modifications thereto or restatements thereof, the "Plan Support Agreement") and a proposed letter agreement to, among other things, terminate the existing Investment Agreement, dated as of October 2, 2013, by and between the Warrant Holders and the Company (such agreement, including any exhibits, schedules, amendments, supplements or modifications thereto or restatements thereof, the "Letter Agreement"); and

**WHEREAS,** after full disclosure and discussion of all material facts related thereto, the Board and the Subsidiary Sole Members of the Filing Entities deem it advisable, fair to, expedient and in the best interests of the Filing Entities and their respective members, stockholders, and other stakeholders, their creditors and other interested parties that the Filing Entities be authorized to enter into the Plan Support Agreement and Letter Agreement and perform the transactions contemplated thereunder;

**NOW, THEREFORE, BE IT RESOLVED,** that the Authorized Representatives be, and each of them hereby is, authorized and empowered, on behalf of the Filing Entities, to enter into the Plan Support Agreement and Letter Agreement, substantially in the form of the draft which has previously been reviewed by (or explained to) the Board and the Subsidiary Sole Members, to take all actions deemed necessary, appropriate, or desirable to execute, implement, finalize, and consummate the transactions contemplated thereunder, and to execute and deliver, on behalf of the Filing Entities, any and all other documents necessary, appropriate, or desirable in connection therewith; and

**FURTHER RESOLVED,** that any Authorized Representative be, and hereby is, authorized and empowered to execute and deliver any exhibits, schedules, amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Plan Support Agreement and Letter Agreement, which shall in their sole judgment be necessary, proper or desirable.

**APPROVAL OF PLAN AND DISCLOSURE STATEMENT AND
TRANSACTIONS CONTEMPLATED THEREUNDER**

**WHEREAS**, the Plan Support Agreement contemplates that, in connection with the commencement of the Filing Entities' Chapter 11 Cases, the Filing Entities will file or cause to be filed with the Bankruptcy Court, a prepackaged Plan of Reorganization (including any exhibits, schedules, amendments, supplements or modifications thereto or restatements thereof, and including the Plan Supplement, the "Plan") providing for the restructuring and reorganization of the Filing Entities; and

**WHEREAS**, the Plan Support Agreement contemplates that, in connection with the commencement of the Filing Entities' Chapter 11 Cases, the Filing Entities will prepare a Disclosure Statement for the Plan, (including any exhibits, schedules, amendments, supplements, or modifications thereto, or restatements thereof, the "Disclosure Statement"), which will be distributed to impaired classes of creditors entitled to vote in respect of the Plan in connection with the solicitation of acceptances of the Plan; and

**WHEREAS**, the Plan Support Agreement includes proposed versions of the Plan and Disclosure Statement, which have been reviewed by (or explained to) the Board and Subsidiary Sole Members; and

**WHEREAS**, the Plan Support Agreement contemplates that acceptances of the Plan will be solicited from applicable creditors, prior to the commencement of the Chapter 11 Cases; and

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms, and conditions of the Plan and Disclosure Statement and each other agreement, instrument, certificate, notice, consent or other document contemplated under, or required to be executed in connection with the solicitation of acceptances of the Plan or confirmation of the Plan are hereby in all respects authorized, approved, ratified, and confirmed, and the consummation of the transactions thereby are in all respects approved, ratified, and confirmed, and the actions of the Authorized Representatives in executing, delivering, performing, soliciting acceptances of, and confirming the Plan are hereby approved, ratified, and confirmed; and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered for, in the name of, an on behalf of the Filing Entities, to solicit acceptances of the Plan, and take all actions deemed necessary, appropriate, or desirable in order to further efforts to confirm the Plan (with such additional changes or other modifications as the Authorized Representatives deem necessary, appropriate, or desirable, such approval to be conclusively evidenced by such execution, delivery, or approval by such Authorized Representative); and

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered for, in the name of, and on behalf of the Filing Entities, to upon confirmation of the Plan, take all actions deemed necessary, appropriate, or desirable to execute, implement, finalize, and consummate the Plan and any transactions contemplated thereunder, including the Restructuring Transactions (as defined therein), and to execute and deliver, on

behalf of the Filing Entities, any and all other documents necessary, appropriate, or desirable in connection therewith.

## AMENDMENTS TO LIMITED LIABILITY COMPANY GOVERNING DOCUMENTS

**WHEREAS**, prior to the date of this Omnibus Consent, the Limited Liability Company Agreements for each of the Filing Subsidiaries contained certain provisions that could impair or conflict with the commencement of voluntary bankruptcy proceedings by the Filing Subsidiaries; and

**WHEREAS**, the Board and Subsidiary Sole Members believe that continued incorporation of such provisions in the Filing Subsidiaries' Limited Liability Company Agreements would not be in the best interest of the Company, the Filing Subsidiaries, or their respective members, stockholders, and other stakeholders, their creditors and other interested parties; and

**WHEREAS**, the Board and Subsidiary Sole Members have been presented with proposed amendments to the Filing Subsidiaries' Limited Liability Company Agreements that would modify or eliminate the incorporation of provisions and terms that are inconsistent with, or would impair the effectiveness of, the commencement of voluntary bankruptcy proceedings by the Filing Subsidiaries (such amendments, the "Proposed Filing Subsidiary Amendments"); and

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered to take all actions deemed necessary, appropriate, or advisable to execute, implement, finalize, and consummate the Proposed Filing Subsidiary Amendments.

## GENERAL AUTHORIZATIONS

**FURTHER RESOLVED**, that all prior lawful acts taken or caused to be taken by or on behalf of (a) the Company by its Board, officers and authorized agents, and (b) the Filing Subsidiaries by their Subsidiary Sole Members, officers and authorized agents, in connection with the foregoing resolutions and all other documents and actions ancillary thereto be, and they hereby are, confirmed, ratified adopted and approved as acts of the Company or Filing Subsidiary, as the case may be; and

**FURTHER RESOLVED**, that each Subsidiary Sole Member be, and hereby is, authorized and empowered, for and on behalf of its respective Filing Subsidiary, to execute and deliver these resolutions; and

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and empowered, for and on behalf of the Filing Entities, to prepare and deliver, or cause to be prepared and delivered and to execute any and all documents, instruments and consents and to do and perform any and all such other acts and things as they may deem necessary, appropriate or advisable to fully effectuate the purposes of each of the foregoing recitals and resolutions and to comply with the provisions of any of the documents or instruments approved or authorized hereby; and

#35329910

**FURTHER RESOLVED**, that it is recognized that each of the Board members and, where applicable, each of the Subsidiary Sole Members, has acted here solely in its or his or her respective capacities as a member of the Board of the Company and as Sole Member of a Filing Subsidiary, and not in any other capacity, including without limitation as a representative or agent for any creditor or shareholder or equity owner of the Company or the Filing Subsidiaries with which any such Board member or Subsidiary Sole Member may be associated or affiliated.

*[Remainder of Page Intentionally Left Blank.  Signature Pages Follow]*

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF CUBIC ENERGY, INC.**

CALVIN A. WALLEN, III

_____

JON S. ROSS

_____

GENE HOWARD

_____

BOB CLEMENTS

_____

DAVID B. BROWN

_____

PAUL R. FERRETTI

_____

#35329910

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF CUBIC ENERGY, INC.**

CALVIN A. WALLEN, III

_____

JON S. ROSS

_____

GENE HOWARD

_____

BOB CLEMENTS

_____

DAVID B. BROWN

_____

PAUL R. FERRETTI

_____

#35329910

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF CUBIC ENERGY, INC.**

CALVIN A. WALLEN, III

_____

JON S. ROSS

_____

GENE HOWARD

_____

BOB CLEMENTS

_____

DAVID B. BROWN

_____

PAUL R. FERRETTI

_____

#35329910

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF CUBIC ENERGY, INC.**

CALVIN A. WALLEN, III

_____

JON S. ROSS

_____

GENE HOWARD

_____

BOB CLEMENTS

_____

DAVID B. BROWN

_____

PAUL R. FERRETTI

_____

#35329910

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF CUBIC ENERGY, INC.**

CALVIN A. WALLEN, III

_____

JO

GENE HOWARD

_____

BOB CLEMENTS

_____

DAVID B. BROWN

PAUL R. FERRETTI

_____

#35329910

**CUBIC ASSET HOLDING, LLC**

By:    **Cubic Energy, Inc.**
Its:    **sole member**

By: _____
Name: Jon Stuart Ross
Title: EVP / Secretary

**CUBIC LOUISIANA HOLDING, LLC**

By:    **Cubic Energy, Inc.**
Its    **sole member**

By: _____
Name: Jon Stuart Ross
Title: EVP / Secretary

**CUBIC ASSET, LLC**

By:    **Cubic Asset Holding, LLC**
Its:    **sole member**

       By:    **Cubic Energy, Inc.**
       Its:    **sole member**

By: _____
Name: Jon Stuart Ross
Title: EVP / Secretary

**CUBIC LOUISIANA, LLC**

By:    **Cubic Louisiana Holding, LLC**
Its:    **sole member**

       By:    **Cubic Energy, Inc.**
       Its:    **sole member**

By: _____
Name: Jon Stuart Ross
Title: EVP / Secretary

#35329910

**Fill in this information to identify the case:**

Debtor Name <u>Cubic Energy Inc., *et al.*</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | AIO III CE, L.P. | c/o Michael H. Torkin Sullivan & Cromwell LLP 125 Broad Street New York, NY, 10004 Tel:  212-558-3471 Fax: 212-558-3588 | Money Borrowed | Unliquidated | $73,144,371.21 | | Partially secured. Value of collateral is unliquidated, but less than the aggregate debt owed to all similarly situated noteholders. |
| 2 | Wells Fargo Energy Capital, Inc. | c/o Michael D. Rubenstein Liskow & Lewis 1001 Fannin, Suite 1800 Houston, TX 77002 Tel:  713-651-2953 Fax: 713-651-2952 | Money Borrowed | Unliquidated | $30,138,812.52 | | Partially secured. Value of collateral is unliquidated, but less than the aggregate debt owed. |
| 3 | Corbin Opportunity Fund, L.P. | c/o Michael H. Torkin Sullivan & Cromwell LLP 125 Broad Street New York, NY, 10004 Tel:  212-558-3471 Fax: 212-558-3588 | Money Borrowed | Unliquidated | $16,091,758.80 | | Partially secured. Value of collateral is unliquidated, but less than the aggregate debt owed to all similarly situated noteholders. |
| 4 | O-CAP Partners, L.P. | c/o Michael H. Torkin Sullivan & Cromwell LLP 125 Broad Street New York, NY, 10004 Tel:  212-558-3471 Fax: 212-558-3588 | Money Borrowed | Unliquidated | $4,191,170.68 | | Partially secured. Value of collateral is unliquidated, but less than the aggregate debt owed to all similarly situated noteholders. |

Debtor Name: Cubic Energy Inc., *et. al.*          Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | O-CAP Offshore Masterfund, L.P. | c/o Michael H. Torkin Sullivan & Cromwell LLP 125 Broad Street New York, NY, 10004 Tel: 212-558-3471 Fax: 212-558-3588 | Money Borrowed | Unliquidated | $3,123,262.15 | | Partially secured. Value of collateral is unliquidated, but less than the aggregate debt owed to all similarly situated noteholders. |
| 6 | Fallon Family LP | 12219 Taylorcrest Houston, TX 77024 | Land Lease Note | | | | $180,000.00 |
| 7 | Monarch Natural Gas, LLC | 5949 Sherry Lane, Suite 970 Dallas, TX 75225 | Trade Claim | | | | $96,000.00 |
| 8 | ETC Katy Pipeline, Ltd. | P.O. Box 951439 Dallas, TX 75395 | Trade Claim | | | | $96,000.00 |
| 9 | Hilltop Resort GS, LLC | 5613 DTC Parkway, Suite 310 Greenwood Village, CO 80111 | Trade Claim | | | | $75,682.60 |
| 10 | ETC Texas Pipeline, Ltd. | 2975 Regent Boulevard Irving, TX 75063 | Trade Claim | | | | $72,000.00 |
| 11 | The Wildman Trust | c/o Loretta Sue Wildman, TR13543 Oak Hollow DriveCypress, TX 77429 | Surface Lease | | | | $60,000.00 |
| 12 | Billy Jack Greer | 2403 Chestnut Drive Rosenburg, TX 77474 | Surface Lease | | | | $56,000.00 |
| 13 | EXCO Resources, Inc. | 12377 Merit Drive, Suite 1700 Dallas, TX 75251 | Trade Claim | | | | $25,000.00 |
| 14 | Wilmington Trust Corp. | 1100 North Market Street Wilmington, DE 19890 | Note Claim | | | | $17,500.00 |
| 15 | ETC Oasis Pipeline, Ltd. | P.O. Box 951439 Dallas, TX 75395 | Trade Claim | | | | $15,000.00 |
| 16 | Chesapeake Energy | P.O. Box 650841 Dallas, TX 75265 | Trade Claim | | | | $14,783.38 |
| 17 | Trinity Energy Services, LLC | 10318 Lake Road Building A, Suite 101 Houston, TX 77070 | Trade Claim | | | | $11,500.00 |
| 18 | Indigo Materials, LLC | P.O. Box 4580 Houston, TX 77210 | Trade Claim | | | | $11,303.66 |
| 19 | Goodrich Petroleum CO., LLC | 801 Louisiana, Suite 700 Houston, TX 77002 | Trade Claim | | | | $10,825.86 |
| 20 | Casa Development | 9870 Plano Rd Dallas, TX 75238 | Trade Claim | | | | $8,000.00 |
| 21 | Michael & Phyllis Ellis | 1625 Café Dumonde Conroe, TX 77305 | Surface Lease | | | | $7,200.00 |
| 22 | Glenda Ann Greer Smith | 4784 Stonebriar Circle College Station, TX 77845 | Surface Lease | | | | $6,000.00 |
| 23 | RR Donnelly & Sons Co. | P.O. Box 932721 Cleveland, OH 44193 | Trade Claim | | | | $3,588.62 |
| 24 | Juneau Realty Management, LLC | 3700 Buffalo Speedway #1010 Houston, TX 77098 | Surface Lease | | | | $3,000.00 |
| 25 | Property Owners Association of Hilltop Lakes | P.O. Box 1242 Hilltop Lakes, TX 77871 | Surface Lease | | | | $3,000.00 |
| 26 | Jim and Bob Freeman | 1499 County Road 403 Palestine, TX 75803 | Surface Lease | | | | $3,000.00 |
| 27 | Wilmar Pipelines, Inc. | P.O. Box 19130 Houston, TX 77224 | Trade Claim | | | | $2,500.00 |

Debtor Name: <u>Cubic Energy Inc., *et. al.*</u>          Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | Ronald Coy | 13463 FM 3 South Normangee, TX 77871 | Surface Lease | | | | $2,400.00 |
| 29 | XO Communications | 8851 Sandy Parkway Sandy, UT 84070 | Trade Claim | | | | $547.80 |
| 30 | TXU Energy | PO Box 650638 Dallas, TX 75265 | Trade Claim | | | | $509.61 |

Fill in this information to identify the case and this filing:

Debtor Name _____

United States Bankruptcy Court for the: _____    District of  Delaware
                                                          (State)

Case number (if known): _____

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule* ____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/11/2015          ✗ _____
             MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                  Jon S. Ross
                                  _____
                                  Printed name

                                  Executive Vice President, Corporate Secretary
                                  _____
                                  Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors