**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Cubic Energy, Inc. *et al.*[1] | Case No.: 15-12500 (CSS) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS, AND DISCLAIMER
PERTAINING TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

On December 11, 2015, Cubic Energy, Inc., Cubic Asset Holding, LLC, Cubic Asset, LLC, Cubic Louisiana Holding, LLC, and Cubic Louisiana, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  With the assistance of their advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (the "SOFAs", and together with the Schedules, the "Schedules and SOFAS") required pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information on discovery could result in material changes to the Schedules and SOFAs, and inadvertent errors or omissions could have occurred. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors.  The Debtors reserve their rights to amend the Schedules and SOFAS from time-to-time as may be necessary, appropriate, or desirable.

This Global Notes, Statement of Limitations, and Disclaimer Pertaining to Debtors Schedules and Statements (the "Global Notes") is incorporated by reference in, and comprises an integral part of, the Schedules and SOFAs, and should be referred to and reviewed in connection with any review of the Schedules and SOFAs.  Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

1.    Basis of Presentation.  For financial reporting purposes, certain of the Debtors are SEC registrants and have prepared financial statements that are filed with the Securities and Exchange Commission (the "SEC").  Unlike the consolidated financial statements filed with the SEC, the Schedules and SOFAs, except as indicated herein, reflect the assets and liabilities of each Debtor in its individual capacity.  These Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to fully reconcile to the financial statements filed by the Debtors with the SEC.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Cubic Energy, Inc. (2095), Cubic Asset Holding, LLC (3106), Cubic Asset, LLC (7565), Cubic Louisiana Holding, LLC (0729), and Cubic Louisiana, LLC (1412).

2.    <u>Accuracy</u>.    While efforts have been made to ensure the accuracy of these Schedules and SOFAs, given the substantial undertaking in gathering the data contained in the Schedules and SOFAs, inadvertent errors or omissions may have occurred.  The Debtors do not make any representations or warranties as to the completeness or accuracy of the information set forth therein.

3.    <u>Amendments</u>.  While every effort has been made to file complete and accurate Schedules and SOFAs, the Debtors reserve all rights to amend and/or supplement their Schedules and SOFAs as is necessary and appropriate.

4.    <u>Summary of Significant Reporting Policies</u>.  The Schedules and SOFAs were prepared by the Debtors pursuant to the following reporting policies:

a.    <u>Asset Presentation</u>.    It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all assets.    Accordingly, unless otherwise indicated, the Debtors' Schedules and SOFAs reflect net book values of assets.  For this reason, amounts ultimately realized in respect of such assets may deviate from net book value and such deviations could be material.  The Debtors reserve their rights to amend or adjust the value of each asset set forth herein.

b.    <u>Liabilities</u>.    The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs.  The Debtors reserve the right to change the allocation of such liabilities to the extent additional information becomes available.

c.    <u>Claims Description and Offsets</u>.    Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent," "unliquidated," of "subject to offset" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," "unliquidated," or "subject to offset."    The Debtors reserve the right to dispute, or to assert offsets or defenses to, at any time, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent," "unliquidated," or "subject to offset" by filing and serving an appropriate amendment.

d.    <u>Causes of Action</u>.  Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as set forth in their Schedules and SOFAs.  The Debtors reserve any and all of their rights with respect to any causes of action that they may have, and neither these Global Notes, nor the Schedules and SOFAs, shall be deemed a waiver of any such causes of action.

e.    <u>Payment of Claims</u>.  The Bankruptcy Court has entered certain orders authorizing the Debtors to pay certain prepetition claims, including, but not limited to, certain claims held by employees, joint interest billing

creditors, mineral lease holders, and royalty interest owners. Although such obligations were outstanding as of the Petition Date, such obligations have been paid as of the date of filing of the Schedules and SOFAs, and therefore, are not included in the Schedules and SOFAs.

f.  <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated," "unknown," or with words of similar import.

5.  <u>Schedule D – Creditors Holding Secured Claims</u>.  Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by (or on behalf of) the Debtors, or inchoate statutory lien rights.  Real property lessors have not been listed on Schedule D.  Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements; no attempt has been made to identify such agreements for Schedule D.

6.  <u>Schedule E/F – Creditors Holding Unsecured Priority Claims</u>.  The listing of any claim on Schedule E/F, Creditors Holding Unsecured Priority Claims, does not constitute an admission by the Debtors that such claim is entitled to priority under Section 507 of the Bankruptcy Code.  The Debtors reserve the right to dispute the priority status of any claim on any basis.

7.  <u>Schedule E/F – Creditors Holding Unsecured Nonpriority Claims</u>.  The liabilities identified in Schedule E/F, Creditors Holding Unsecured Nonpriority Claims, are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Actual liabilities (and assets) may deviate from the Schedules and SOFAs.

8.  <u>Schedule G – Executory Contracts</u>.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth separately on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to add or remove any contract.

9.    <u>Specific Disclosures With Respect to the Debtors Schedules and SOFAs</u>:

a.    <u>Schedule A/B – Real Property</u>.  The Debtors are party to agreements regarding interests in oil and gas in several states.  Such interests are listed on Schedule A, as they constitute freehold property interests under the laws of the states in which the property is located.  The Debtors have made their best efforts to disclose all oil and gas interests in their respective Schedules.  However, the Debtors' failure to identify any such oil and gas interest in the Schedules shall not be an admission by the Debtors that no such rights exist, and the Debtors reserve all rights to modify the Schedules to identify any oil and gas interests that were excluded from the Schedules.

b.    <u>SOFA Part 2, Question 4</u>.  In an effort to protect the confidential nature of the compensation paid to the Debtors' officers, the insider payments do not reflect the periodic payments of base salary to the Debtors' officers made to such officers during the year preceding the bankruptcy filing.  Such information may be obtained, upon request (and subject to entry of a confidentiality order reasonably satisfactory to the Debtors), by contacting counsel for the Debtors.  Any payments to officers, other than base salary payments made in the ordinary course of business, have been included in response to this question.

c.    <u>SOFA Part 6, Question 11</u>.  The attachment in response to this question in each of the SOFAs discloses payments made to professionals from bank accounts owned by Cubic Asset, LLC, on behalf of each of the Debtors on a consolidated basis.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a debtor-by-debtor basis.

d.    <u>SOFA Part 13, Question 26(d)</u>.  Cubic Energy, Inc. is a SEC registrant, and has filed multiple consolidated, periodic financial reports with the SEC concerning the Debtors' financial performance.  Because the Debtors' financial statements have been publicly available for years, it is not possible for the Debtors to identify all persons who may have reviewed such financial statements during the two (2) years preceding the Debtors' bankruptcy filing.

10.     <u>General Reservation of Rights</u>.    The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any party of their Schedules and SOFAs as and to the extent as they deem necessary, appropriate, or desirable.    Nothing in the Schedules and SOFAs shall constitute and admission or a waiver of rights with respect to these chapter 11 cases, including, without limitation, any rights or claims of the Debtors against any third party. Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

Fill in this information to identify the case and this filing:

**Debtor Name** Cubic Energy, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
                                                                                                    (State)
Case number (if known): 15-12500-CSS

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

[X]  Schedule A/B: Assets--Real and Personal Property (Official Form 206A/B)

[X]  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

[X]  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

[X]  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

[X]  Schedule H: Codebtors (Official Form 206H)

[X]  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

❑  Amended Schedule _____

❑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

❑  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/13/2016            **✗** _____
             MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                   Jon S. Ross
                                   _____
                                   Printed name
                                   Executive Vice President, Corporate Secretary
                                   _____
                                   Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name    **Cubic Energy, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **15-12500**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*........................................................................................  $    **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.....................................................................................  $    **68,803,615.00**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*.......................................................................................  $    **68,803,615.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................  $    **96,550,562.84**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of *Schedule E/F*.......................................................  $    **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*...............................  +$    **22,558,725.16**

4.   Total liabilities ...............................................................................................................
    Lines 2 + 3a + 3b                                                                       $    **119,109,288.00**

**Fill in this information to identify the case:**

Debtor name    **Cubic Energy, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **15-12500**

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **The American National Bank of Texas, Rockwall Banking Ctr** | **Checking Account** | **4706** | $1,707.00 |
| 3.2. | **The American National Bank of Texas, Rockwall Banking Ctr** | **Money Markey Account** | **6844** | $1,095.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $2,802.00 |
|---|

### Part 2:    Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes Fill in the information below.

### Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes Fill in the information below.

11. **Accounts receivable**

Debtor   **Cubic Energy, Inc.**                                    Case number *(If known)*  **15-12500**
Name

11a. 90 days old or less:                **90.00**   -    **0.00**  = ....          **$90.00**
     face amount          doubtful or uncollectible accounts

---

12.   **Total of Part 3.**                                                          **$90.00**
      Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:**   **Investments**

13. **Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:     % of ownership | | |
| 15.1.. | **Cubic Asset Holding, LLC**<br>**(Valuation Method Used for Current Value:**<br>**Houlihan Lokey Valuation Analysis)**     **100%**  % | **Expert** | **$58,300,000.00** |
| 15.2.. | **Cubic Louisiana Holding, LLC**<br>**(Valuation Method Used for Current Value:**<br>**Houlihan Lokey Valuation Analysis)**     **100%**  % | **Expert** | **$10,500,000.00** |
| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |

17.   **Total of Part 4.**                                                          **$68,800,000.00**
      Add lines 14 through 16.  Copy the total to line 83.

**Part 5:**   **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| Debtor | **Cubic Energy, Inc.** | Case number *(If known)* **15-12500** |
| --- | --- | --- |
| | Name | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** COMPUTERS/PERIPHERALS | $723.00 | | $723.00 |

| | | | |
| --- | --- | --- | --- |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

**43.** **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

| | |
| --- | --- |
| | $723.00 |

**44.** **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
■ Yes

**45.** **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
| --- | --- |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
| --- | --- |

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

**55.** **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 55.1. **Real property leased from Casa Development Properties, LP 9870 Plano Rd Dallas, TX 75238** | | $0.00 | | Unknown |

**56.** **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.

| | |
| --- | --- |
| | $0.00 |

| Debtor | **Cubic Energy, Inc.** | Case number *(If known)* **15-12500** |
|---|---|---|
| | Name | |

Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
   - ■ No
   - ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
   - ■ No
   - ☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

   - ■ No.  Go to Part 11.
   - ☐ Yes Fill in the information below.

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   - ☐ No.  Go to Part 12.
   - ■ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local)<br>**Net Operating Losses**<br>**(Unliquidated, estmiated total NOL balance is approx.**<br>**$85 million)**    Tax year _____ | **Unknown** |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)**<br>**One or more possible causes of action against Gloria's Ranch, L.L.C.** | **Unknown** |
| | Nature of claim        Unliquidated<br>Amount requested                    $0.00 | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**<br>**One or more possible claims against Gloria's Ranch, L.L.C.** | **Unknown** |
| | Nature of claim        Unliquidated<br>Amount requested                    $0.00 | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |

Debtor    **Cubic Energy, Inc.**
_____
          Name

Case number *(If known)* **15-12500**

78.    **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | $0.00 |

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No
☐ Yes

| | |
|---|---|
| Debtor **Cubic Energy, Inc.** | Case number *(If known)* **15-12500** |
| Name | |

## Part 12:  Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $2,802.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $90.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $68,800,000.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $723.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .........................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $68,803,615.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $68,803,615.00 |

**Fill in this information to identify the case:**

Debtor name    **Cubic Energy, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **15-12500**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| 2.1 | **See Schedule D Attachment**<br>Creditor's Name | Describe debtor's property that is subject to a lien | $96,550,562.84 | $0.00 |

Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe the lien**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.          $96,550,562.84

### Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| -NONE- | Line | |

Magnetation LLC Energy, LLC
Case No. 15-12500
Schedule D: Part 1 - Creditors Who Have Claims Secured by Property

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Email | Last 4 Digits of Account Number | Insider or Related Party? | Codebtor | If Multiple Creditors Have an Interest in the Same Property, Specific Each Creditor and Its Relative Priority | Date Debt was Incurred, Description of Debtor's Property Subject to the Lien and the Nature of Lien | Contingent | Unliquidated | Disputed | Amount of Claim (Do not deduct the value of the collateral) | Value of Collateral that Supports this Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AIO III CE, L.P. | c/o Michael H. Torkin | Sullivan & Cromwell LLP | 125 Broad Street | New York | NY | 10004 | | torkinm@sullcrom.com | | | X | Yes, pari passu with other Noteholders | October 2, 2013, lien on substantially all assets | | X | | $73,144,371.21 | Unliquidated |
| Corbin Opportunity Fund, L.P. | c/o Michael H. Torkin | Sullivan & Cromwell LLP | 125 Broad Street | New York | NY | 10004 | | torkinm@sullcrom.com | | | X | Yes, pari passu with other Noteholders | October 2, 2013, lien on substantially all assets | | X | | $16,091,758.80 | Unliquidated |
| O-Cap Partners, L.P. | c/o Michael H. Torkin | Sullivan & Cromwell LLP | 125 Broad Street | New York | NY | 10004 | | torkinm@sullcrom.com | | | X | Yes, pari passu with other Noteholders | October 2, 2013, lien on substantially all assets | | X | | $4,191,170.68 | Unliquidated |
| O-Cap Offshore Masterfund, L.P. | c/o Michael H. Torkin | Sullivan & Cromwell LLP | 125 Broad Street | New York | NY | 10004 | | torkinm@sullcrom.com | | | X | Yes, pari passu with other Noteholders | October 2, 2013, lien on substantially all assets | | X | | $3,123,262.15 | Unliquidated |
| BP Energy Company | 201 Helios Way | | | Houston | TX | 77079 | | rebecca.abel@bp.com | | | X | Yes, certain liens pari passu with Noteholders, others are subordinate to Noteholder liens. | October 2, 2013, lien on substantially all assets | | X | | Unliquidated | Unliquidated |
| | | | | | | | | | | | | | | | | Total: | $96,550,562.84 | |

**Fill in this information to identify the case:**

Debtor name   **Cubic Energy, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **15-12500**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address**<br>**Internal Revenue Service**<br>**Attn: Centralized Insolvency Operations**<br>**2970 Market St**<br>**Philadelphia, PA 19104**<br><br>Date or dates debt was incurred<br>**7/1/2015**<br><br>Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim:<br>11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:<br><br><br>Is the claim subject to offset?<br>☐ No<br>☐ Yes | **Unknown** | **Unknown** |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** **Nonpriority creditor's name and mailing address**<br>**Gloria's Ranch, L.L.C.**<br>**c/o Marcos A. Ramos**<br>**Richards, Layton & Finger, P.A.**<br>**One Rodney Square**<br>**Wilmington, DE 19899**<br><br>Date or dates debt was incurred   **11/23/2015**<br><br>Last 4 digits of account number _____ | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed<br><br>Basis for the claim:<br>**Disputed Judgment**<br><br>Is the claim subject to offset?<br>■ No<br>☐ Yes | **$22,558,725.16** |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

| Debtor | **Cubic Energy, Inc.** | Case number (if known) | **15-12500** |
|---|---|---|---|
| | Name | | |

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Gloria's Ranch, L.L.C.**<br>**c/o Guy E. Wall**<br>**Wall, Bullington & Cook**<br>**540 Elmwood Park Blvd.**<br>**New Orleans, LA 70123** | Line **3.1**<br><br>☐  Not listed. Explain | |
| 4.2 | **Gloria's Ranch, L.L.C.**<br>**c/o R. Joseph Naus**<br>**Weiner, Weiss & Madison**<br>**333 Texas, Suite 2350**<br>**Shreveport, LA 71101** | Line **3.1**<br><br>☐  Not listed. Explain | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b.  + | $ | 22,558,725.16 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 22,558,725.16 |

**Fill in this information to identify the case:**

Debtor name **Cubic Energy, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) **15-12500**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal        Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | **See Schedule G Attachment** |

In re Cubic Energy, Inc.
Case No. 15-12500
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty | Address1 | Address2 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest; State the Remaining Term.  List Contract Number of Any Government Contract. |
|---|---|---|---|---|---|---|---|
| BP Energy Company | 201 Helios Way | | Houston | TX | 77079 | | ISDA - Call Option and Swap Contract |
| Casa Development Properties LP | 9870 Plano Rd | | Dallas | TX | 75238 | | Office Lease Agreement |
| ETC Katy Pipeline, Ltd. | PO Box 951439 | | Dallas | TX | 75395 | | Gas transportation agreement. |
| ETC Texas Pipeline, Ltd. | 2975 Regent Blvd | | Irving | TX | 75063 | | Gas transportation agreement. |
| Fossil Operating, Inc. | 9870 Plano Rd | | Dallas | TX | 75238 | | Joint Operating Agreement |
| Francotyp-Postalia Inc. Mailing | PO Box 157 | | Bedford Park | IL | 60499 | | U.S. Postage Services |
| Hilltop Resort GS, LLC | 5613 DTC Parkway | Suite 310 | Greenwood Village | CO | 80111 | | Gas gathering and transportation agreement. |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd, 5th | | Los Angeles | CA | 90067 | | Financial Advisor |
| ILandman.com | 315 S. College, Ste 270 | | Layafette | LA | 70503 | | Land Software System User Agreement |
| Oasis Pipeline, L.P. | PO Box 951439 | | Dallas | TX | 75395 | | Gas transportation agreement. |
| Petroleum Listing Service, Inc. | PO Box 4987 | | Houston | TX | 77210 | | Software User Licenses Agreement |
| RR Donnelley | PO Box 932721 | | Cleveland | OH | 44193 | | Virtual Data Room Hosting |
| TRC Consultants, L.C. | 120 Dietert Ave., Ste 100 | | Boerne | TX | 78006 | | PhD Win Software License Agreement |
| Trinity Energy, Services, LLC | 10318 Lake Road | Building A, Ste 101 | Houston | TX | 77070 | | Mineral Rights Leasing Agent |
| Wilmar Pipelines, Inc. | PO Box 19130 | | Houston | TX | 77224 | | Gas Marketer |
| Wilmington Trust Fee Collections | PO Box 8955 | | Wilmington | DE | 19899 | | Collateral Agent for Cubic Asset Noreholders |

**Fill in this information to identify the case:**

Debtor name     **Cubic Energy, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **15-12500**

☐ Check if this is an
   amended filing

Official Form 206H
# Schedule H: Your Codebtors
12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  **See Schedule H Attachment** | | **See Schedule H Attachment** | ■ D    2.1<br>☐ E/F _____<br>☐ G _____ |

In re Cubic Energy, Inc.
Case No. 15-12500
Schedule H:  Codebtors

| Name of Codebtor | Address1 | City | State | Zip | Country | Name of Creditor | Applicable Schedules (D, E/F, G) |
|---|---|---|---|---|---|---|---|
| Cubic Asset Holding, LLC | 9870 Plano Rd | Dallas | TX | 75238 | | Prepetition Secured Noteholders | D |
| Cubic Asset Holding, LLC | 9870 Plano Rd | Dallas | TX | 75238 | | BP Energy Company | D |
| Cubic Asset, LLC | 9870 Plano Rd | Dallas | TX | 75238 | | Prepetition Secured Noteholders | D |
| Cubic Asset, LLC | 9870 Plano Rd | Dallas | TX | 75238 | | BP Energy Company | D |