**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Cubic Energy, Inc. *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-12500 (CSS)<br>(Jointly Administered) |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS, AND DISCLAIMER**
**PERTAINING TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND**
**STATEMENTS OF FINANCIAL AFFAIRS**

On December 11, 2015, Cubic Energy, Inc., Cubic Asset Holding, LLC, Cubic Asset, LLC, Cubic Louisiana Holding, LLC, and Cubic Louisiana, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). With the assistance of their advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (the "SOFAs", and together with the Schedules, the "Schedules and SOFAS") required pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information on discovery could result in material changes to the Schedules and SOFAs, and inadvertent errors or omissions could have occurred. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their rights to amend the Schedules and SOFAS from time-to-time as may be necessary, appropriate, or desirable.

This Global Notes, Statement of Limitations, and Disclaimer Pertaining to Debtors Schedules and Statements (the "Global Notes") is incorporated by reference in, and comprises an integral part of, the Schedules and SOFAs, and should be referred to and reviewed in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

1. **Basis of Presentation**. For financial reporting purposes, certain of the Debtors are SEC registrants and have prepared financial statements that are filed with the Securities and Exchange Commission (the "SEC"). Unlike the consolidated financial statements filed with the SEC, the Schedules and SOFAs, except as indicated herein, reflect the assets and liabilities of each Debtor in its individual capacity. These Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to fully reconcile to the financial statements filed by the Debtors with the SEC.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Cubic Energy, Inc. (2095), Cubic Asset Holding, LLC (3106), Cubic Asset, LLC (7565), Cubic Louisiana Holding, LLC (0729), and Cubic Louisiana, LLC (1412).

  2. <u>Accuracy</u>. While efforts have been made to ensure the accuracy of these Schedules and SOFAs, given the substantial undertaking in gathering the data contained in the Schedules and SOFAs, inadvertent errors or omissions may have occurred. The Debtors do not make any representations or warranties as to the completeness or accuracy of the information set forth therein.

  3. <u>Amendments</u>. While every effort has been made to file complete and accurate Schedules and SOFAs, the Debtors reserve all rights to amend and/or supplement their Schedules and SOFAs as is necessary and appropriate.

  4. <u>Summary of Significant Reporting Policies</u>. The Schedules and SOFAs were prepared by the Debtors pursuant to the following reporting policies:

    a. <u>Asset Presentation</u>. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and SOFAs reflect net book values of assets. For this reason, amounts ultimately realized in respect of such assets may deviate from net book value and such deviations could be material. The Debtors reserve their rights to amend or adjust the value of each asset set forth herein.

    b. <u>Liabilities</u>. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. The Debtors reserve the right to change the allocation of such liabilities to the extent additional information becomes available.

    c. <u>Claims Description and Offsets</u>. Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent," "unliquidated," of "subject to offset" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," "unliquidated," or "subject to offset." The Debtors reserve the right to dispute, or to assert offsets or defenses to, at any time, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent," "unliquidated," or "subject to offset" by filing and serving an appropriate amendment.

    d. <u>Causes of Action</u>. Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as set forth in their Schedules and SOFAs. The Debtors reserve any and all of their rights with respect to any causes of action that they may have, and neither these Global Notes, nor the Schedules and SOFAs, shall be deemed a waiver of any such causes of action.

    e. <u>Payment of Claims</u>. The Bankruptcy Court has entered certain orders authorizing the Debtors to pay certain prepetition claims, including, but not limited to, certain claims held by employees, joint interest billing

#38268589

creditors, mineral lease holders, and royalty interest owners. Although such obligations were outstanding as of the Petition Date, such obligations have been paid as of the date of filing of the Schedules and SOFAs, and therefore, are not included in the Schedules and SOFAs.

  f. <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated," "unknown," or with words of similar import.

 5. <u>Schedule D – Creditors Holding Secured Claims</u>. Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by (or on behalf of) the Debtors, or inchoate statutory lien rights. Real property lessors have not been listed on Schedule D. Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements; no attempt has been made to identify such agreements for Schedule D.

 6. <u>Schedule E/F – Creditors Holding Unsecured Priority Claims</u>. The listing of any claim on Schedule E/F, Creditors Holding Unsecured Priority Claims, does not constitute an admission by the Debtors that such claim is entitled to priority under Section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis.

 7. <u>Schedule E/F – Creditors Holding Unsecured Nonpriority Claims</u>. The liabilities identified in Schedule E/F, Creditors Holding Unsecured Nonpriority Claims, are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Actual liabilities (and assets) may deviate from the Schedules and SOFAs.

 8. <u>Schedule G – Executory Contracts</u>. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth separately on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to add or remove any contract.

9. Specific Disclosures With Respect to the Debtors Schedules and SOFAs:

   a. Schedule A/B – Real Property. The Debtors are party to agreements regarding interests in oil and gas in several states. Such interests are listed on Schedule A, as they constitute freehold property interests under the laws of the states in which the property is located. The Debtors have made their best efforts to disclose all oil and gas interests in their respective Schedules. However, the Debtors' failure to identify any such oil and gas interest in the Schedules shall not be an admission by the Debtors that no such rights exist, and the Debtors reserve all rights to modify the Schedules to identify any oil and gas interests that were excluded from the Schedules.

   b. SOFA Part 2, Question 4. In an effort to protect the confidential nature of the compensation paid to the Debtors' officers, the insider payments do not reflect the periodic payments of base salary to the Debtors' officers made to such officers during the year preceding the bankruptcy filing. Such information may be obtained, upon request (and subject to entry of a confidentiality order reasonably satisfactory to the Debtors), by contacting counsel for the Debtors. Any payments to officers, other than base salary payments made in the ordinary course of business, have been included in response to this question.

   c. SOFA Part 6, Question 11. The attachment in response to this question in each of the SOFAs discloses payments made to professionals from bank accounts owned by Cubic Asset, LLC, on behalf of each of the Debtors on a consolidated basis. The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a debtor-by-debtor basis.

   d. SOFA Part 13, Question 26(d). Cubic Energy, Inc. is a SEC registrant, and has filed multiple consolidated, periodic financial reports with the SEC concerning the Debtors' financial performance. Because the Debtors' financial statements have been publicly available for years, it is not possible for the Debtors to identify all persons who may have reviewed such financial statements during the two (2) years preceding the Debtors' bankruptcy filing.

#38268589

10. <u>General Reservation of Rights</u>.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any party of their Schedules and SOFAs as and to the extent as they deem necessary, appropriate, or desirable.  Nothing in the Schedules and SOFAs shall constitute and admission or a waiver of rights with respect to these chapter 11 cases, including, without limitation, any rights or claims of the Debtors against any third party.  Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Cubic Energy, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | **15-12500** |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **7/01/2015** to **Filing Date** | ☐ Operating a business<br>■ Other  **Oil and Gas Sales Revenue** | **$2,274.00** |
| **For prior year:**<br>From **7/01/2014** to **6/30/2015** | ☐ Operating a business<br>■ Other  **Oil and Gas Sales Revenue** | **$28,992.00** |
| **For year before that:**<br>From **7/01/2013** to **6/30/2014** | ☐ Operating a business<br>■ Other  **Oil and Gas Sales Revenue** | **$901,141.00** |
| **For the fiscal year:**<br>From **7/01/2012** to **6/30/2013** | ☐ Operating a business<br>■ Other  **Oil and Gas Sales Revenue** | **$3,843,420.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2015** to **Filing Date** | **See Attached SOFA Part 1, Question 2** | **$666,288.00** |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

Debtor  **Cubic Energy, Inc.**     Case number *(if known)* **15-12500**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
   |---|---|---|---|---|
   | 3.1. | **Palo Pinto County Tax Office** <br> **PO Box 160** <br> **Palo Pinto, TX 76484** | **10/16/2015** | **$144.13** | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ■ Other **Property taxes** |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

   | | Insider's name and address <br> Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|---|
   | 4.1. | **Fossil Operating, Inc.** <br> **9870 Plano Rd** <br> **Dallas, TX 75238** <br> **Affiliated company** | **2/26/2015** | **$7,619.27** | **Lease operating expenses** |
   | 4.2. | **Fossil Operating, Inc.** <br> **9870 Plano Rd** <br> **Dallas, TX 75238** <br> **Affiliated company** | **8/20/2015** | **$14,158.30** | **Lease operating expenses** |
   | 4.3. | **Fossil Operating, Inc.** <br> **9870 Plano Rd** <br> **Dallas, TX 75238** <br> **Affiliated company** | **8/26/2015** | **$2,535.43** | **Lease operating expenses** |
   | 4.4. | **Fossil Operating, Inc.** <br> **9870 Plano Rd** <br> **Dallas, TX 75238** <br> **Affiliated company** | **9/29/2015** | **$2,431.77** | **Lease operating expenses** |
   | 4.5. | **Fossil Operating, Inc.** <br> **9870 Plano Rd** <br> **Dallas, TX 75238** <br> **Affiliated company** | **6/4/2015** | **$5,985.32** | **Lease operating expenses** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

   | Creditor's name and address | Describe of the Property | Date | Value of property |
   |---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a

| Debtor | Cubic Energy, Inc. | Case number *(if known)* | 15-12500 |
|---|---|---|---|

debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Gloria's Ranch, L.L.C. v. Tauren Exploration, Inc., Cubic Energy, Inc., Wells Fargo Energy Capital, Inc., and Exco USA Asset, LLC**<br>**Case No. 541-768-A** | **Action regarding mineral lease, royalties, and related damages.** | **1st Judicial District Court Caddo Parish, Louisiana** | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Sungate Properties v. Tauren Exploration, Inc., et al.**<br>**Case NO. 584660-A** | **Suit for unpaid royalties** | **1st Judicial District Court Caddo Parish, Louisiana** | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | **Fallon Family v Goodrich Petroleum Company, LLC, et al.**<br>**Case No. 73506** | **Mineral lease cancellation, damages** | **42nd Judicial District Court DeSoto Parish, Louisiana** | ☐ Pending<br>☐ On appeal<br>☒ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

### Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None.

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

### Part 6:   Certain Payments or Transfers

| Debtor | **Cubic Energy, Inc.** | Case number *(if known)* | **15-12500** |
|---|---|---|---|

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | See Attached Part 6, Question 11 | | | $3,001,877.74 |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:** Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:** Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

Debtor **Cubic Energy, Inc.**                                         Case number *(if known)* **15-12500**

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

- ☐ No.
- ☒ Yes. State the nature of the information collected and retained.

    **Social Security Numbers**
    Does the debtor have a privacy policy about that information?
    - ☒ No
    - ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

- ☒ No. Go to Part 10.
- ☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| **Public Storage**<br>**11085 Walnut Hill Lane**<br>**Dallas, TX 75238** | **Calvin Wallen**<br>**Lisa Frericks**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | **Old files** | ☐ No<br>☒ Yes |

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

| Debtor | Cubic Energy, Inc. | Case number *(if known)* | 15-12500 |
|---|---|---|---|

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ☐ None

| | Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Cubic Asset Holding, LLC<br>9870 Plano Rd<br>Dallas, TX 75238 | Subsidiary - Holding Company | **Dates business existed**<br>EIN:   46-3673106<br>From-To   October, 2013 - Present |

Debtor   **Cubic Energy, Inc.**                                   Case number *(if known)* **15-12500**

| **Business name address** | **Describe the nature of the business** | **Employer Identification number** Do not include Social Security number or ITIN. |
|---|---|---|
| | | **Dates business existed** |
| 25.2.   **Cubic Asset, LLC**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | **Subsidiary - Oil and Gas Exploration and Production** | EIN:   90-1017565<br><br>From-To   **October, 2013 - Present** |
| 25.3.   **Cubic Louisiana Holding, LLC**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | **Subsidiary - Holding Company** | EIN:   46-3670729<br><br>From-To   **October, 2013 - Present** |
| 25.4.   **Cubic Louisiana, LLC**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | **Subsidiary - Oil and Gas Exploration and Production** | EIN:   80-0951412<br><br>From-To   **October, 2013 - Present** |

26. **Books, records, and financial statements**

    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ☐ None

| **Name and address** | **Date of service From-To** |
|---|---|
| 26a.1.   **Larry Badgley**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | **2008 - Present** |
| 26a.2.   **Gary Harding**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | **2005 - Present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

   ☐ None

| **Name and address** | **Date of service From-To** |
|---|---|
| 26b.1.   **Vogel CPAs, PC**<br>**12400 Coit Rd**<br>**Ste 1000**<br>**Dallas, TX 75251** | **07/01/2012 - 06/30/2013** |

| **Name and address** | **Date of service From-To** |
|---|---|
| 26b.2.   **BDO**<br>**700 North Pearl St**<br>**Ste 2000**<br>**Dallas, TX 75201** | **07/01/2013 - 06/30/2015** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

   ☐ None

| **Name and address** | **If any books of account and records are unavailable, explain why** |
|---|---|
| 26c.1.   **Larry Badgley**<br>**9870 Plano Rd**<br>**Dallas, TX 75238** | |

| Debtor | Cubic Energy, Inc. | Case number *(if known)* 15-12500 |
|---|---|---|

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2. | Gary Harding<br>9870 Plano Rd<br>Dallas, TX 75238 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| | Name and address |
|---|---|
| 26d.1. | See financial statement issuance discussion in the Global Notes to the Debtors' Schedules and SOFAs |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No
    ☐ Yes. Give the details about the two most recent inventories.

    | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
    |---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

    | Name | Address | Position and nature of any interest | % of interest, if any |
    |---|---|---|---|
    | See Attached SOFA Part 13, Question 28 | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ☐ No
    ■ Yes. Identify below.

    | Name | Address | Position and nature of any interest | Period during which position or interest was held |
    |---|---|---|---|
    | Scott Pinsonnault | 15 Kendal Ct<br>Heath, TX 75032 | Chief Financial Officer | April, 2014 - August, 2014 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ☐ No
    ■ Yes. Identify below.

    | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
    |---|---|---|---|
    | 30.1. See Question 4 | | | |
    | Relationship to debtor | | | |

Debtor **Cubic Energy, Inc.**                                                                      Case number *(if known)* **15-12500**

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

    ☐ No
    ■ Yes. Identify below.

    | **Name of the parent corporation** | **Employer Identification number of the parent corporation** |
    |---|---|
    | **Cubic Energy, Inc.** | **EIN:** **87-0352095** |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

    ■ No
    ☐ Yes. Identify below.

    | **Name of the parent corporation** | **Employer Identification number of the parent corporation** |
    |---|---|
    |  |  |

### Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 13, 2016**

**/s/ Jon S. Ross**                                             **Jon S. Ross**
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor   **Executive Vice President, Corporate Secretary**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
■ Yes

In re Cubic Energy, Inc.
Case No. 15-12500
SOFA Part 1, Question 2 - Non-business revenue

| Gross Revenue | Time Period | Sources of Revenue |
|---|---|---|
| $1,507.00 | 07/01/2012 - 06/30/2013 | Interest Income |
| $664,763.00 | 07/01/2012 - 06/30/2013 | Recoupment of prior year expenses |
| $13.00 | 07/01/2013 - 06/30/2014 | Interest Income |
| $4.00 | 07/01/2014 - 06/30/2015 | Interest Income |
| $1.00 | 07/01/2015 - 11/30/2015 | Interest Income |

In re Cubic Energy, Inc.
Case No. 15-12500
SOFA Part 6, Question 11 - Payments or transfers related to debtor counseling or bankruptcy made within 1 year preceding commencement of this case

| Name of Payee | Address1 | Address2 | City | State | Zip | Email or Website Address | Payor if not the Debtor | If not money, describe property transferred | Date of Payment or Transfer | Total amount or value |
|---|---|---|---|---|---|---|---|---|---|---|
| Bayard, P.A. | 222 Delaware Ave | Ste 900 | Wilmington | DE | 19899 | www.bayardlaw.com | Cubic Asset, LLC | | 10/28/2015 | $ 35,000.00 |
| Bayard, P.A. | 222 Delaware Ave | Ste 900 | Wilmington | DE | 19899 | www.bayardlaw.com | Cubic Asset, LLC | | 12/10/2015 | $ 35,000.00 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 12/30/2014 | $ 9,827.50 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 3/5/2015 | $ 26,341.50 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 3/12/2015 | $ 6,863.00 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 4/15/2015 | $ 600,000.00 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 7/16/2015 | $ 113,111.39 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 8/26/2015 | $ 149,998.59 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 10/15/2015 | $ 211,531.10 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 11/17/2015 | $ 192,449.03 |
| Holland & Knight LLP | 200 Crescent Court | Ste 1600 | Dallas | TX | 75201 | www.hklaw.com | Cubic Asset, LLC | | 12/10/2015 | $ 125,000.00 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 1/21/2015 | $ 75,000.00 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 2/26/2015 | $ 80,747.52 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 3/26/2015 | $ 75,358.64 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 4/16/2015 | $ 80,778.20 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 5/14/2015 | $ 75,933.39 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 6/10/2015 | $ 75,979.88 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 7/23/2015 | $ 76,617.52 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 8/6/2015 | $ 75,921.24 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 9/10/2015 | $ 76,707.63 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 10/8/2015 | $ 76,365.66 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 11/12/2015 | $ 75,351.59 |
| Houlihan Lokey Capital, Inc. | 245 Park Ave | 20th Floor | New York | NY | 10167 | www.hl.com | Cubic Asset, LLC | | 12/9/2015 | $ 76,000.56 |
| Latham & Watkins LLP | 885 Third Ave | | New York | NY | 10022 | www.lw.com | Cubic Asset, LLC | | 12/11/2015 | $ 1,314.50 |
| Prime Clerk LLC | 830 3rd Avenue | 9th Floor | New York | NY | 10022 | www.primeclerk.com | Cubic Asset, LLC | | 10/27/2015 | $ 25,000.00 |
| Shipman & Goodwin LLP | One Constitution Plaza | | Hartford | CT | 06103-1919 | www.shipmangoodwin.com | Cubic Asset, LLC | | 12/30/2014 | $ 1,304.00 |
| Shipman & Goodwin LLP | One Constitution Plaza | | Hartford | CT | 06103-1919 | www.shipmangoodwin.com | Cubic Asset, LLC | | 8/20/2015 | $ 586.00 |
| Shipman & Goodwin LLP | One Constitution Plaza | | Hartford | CT | 06103-1919 | www.shipmangoodwin.com | Cubic Asset, LLC | | 12/10/2015 | $ 6,223.00 |
| Sullivan & Cromwell LLP | 125 Broad Street | | New York | NY | 10004 | www.sullcrom.com | Cubic Asset, LLC | | 7/9/2015 | $ 316,566.30 |
| Sullivan & Cromwell LLP | 125 Broad Street | | New York | NY | 10004 | www.sullcrom.com | Cubic Asset, LLC | | 11/12/2015 | $ 200,000.00 |
| Young Conaway Stargatt & Taylor, LLP | Rodney Square | 1000 N King St | Wilmington | DE | 19801 | www.youngconaway.com | Cubic Asset, LLC | | 11/12/2015 | $ 25,000.00 |
| | | | | | | | | | Total: | $ 3,001,877.74 |

In re Cubic Energy, Inc.
Case No. 15-12500
SOFA Part 13, Question 28 - Current Officers, Directors, Managing Members, Controlling Shareholders, etc.

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Position and nature of any interest | Percentage of interest, if any |
|---|---|---|---|---|---|---|---|---|---|
| Calvin A. Wallen, III | 9870 Plano Rd | | | | Dallas | TX | 75238 | Chairman, CEO, President, Director | 43.50% of Common Shares (as converted) |
| Jon S. Ross | 9870 Plano Rd | | | | Dallas | TX | 75238 | Executive Vice President /Corporate Secretary, Director | |
| Larry Badgley | 9870 Plano Rd | | | | Dallas | TX | 75238 | Chief Financial Officer | |
| Gene C. Howard | 2402 East 29th Street | | | | Tulsa | OK | 74114 | Director | |
| Bob L. Clements | 9870 Plano Rd | | | | Dallas | TX | 75238 | Director | |
| David B. Brown | 9870 Plano Rd | | | | Dallas | TX | 75238 | Director | |
| Paul R. Ferretti | 8 Edgewood Road | | | | Yardley | PA | 19067 | Director | |
| William L. Bruggeman, Jr. | 20 Anemone Circle | | | | North Oaks | MN | 55127 | Material Shareholder | 21.8% of Common Shares |
| Wells Fargo Energy Capital, Inc. | c/o Michael D. Rubenstein | Liskow & Lewis | 1001 Fannin St | Ste 1800 | Houston | TX | 77002 | Material Shareholder, Warrant Holder | 10.4% of Common Shares (as converted) |
| AIO III AIV, L.P. | c/o Michael Torkin | Sullivan & Cromwell LLP | 125 Broad St | | New York | NY | 10004 | Series C Preferred Shareholder/Warrant Holder | 38.4% of Class |
| Anchorage Illiquid Opportunities III (B), L.P. | c/o Michael Torkin | Sullivan & Cromwell LLP | 125 Broad St | | New York | NY | 10004 | Series C Preferred Shareholder/Warrant Holder | 15.4% of Class |
| Anchorage Illiquid Opportunities Offshore Master III, L.P. | c/o Michael Torkin | Sullivan & Cromwell LLP | 125 Broad St | | New York | NY | 10004 | Series C Preferred Shareholder/Warrant Holder | 13.7% of Class |
| Corbin Opportunity Fund, L.P. | c/o Michael Torkin | Sullivan & Cromwell LLP | 125 Broad St | | New York | NY | 10004 | Series C Preferred Shareholder/Warrant Holder | 17.5% of Class |
| O-Cap Offshore Master Fund, L.P. | c/o Michael Torkin | Sullivan & Cromwell LLP | 125 Broad St | | New York | NY | 10004 | Series C Preferred Shareholder/Warrant Holder | 4.0% of Class |
| O-Cap Partners, L.P. | c/o Michael Torkin | Sullivan & Cromwell LLP | 125 Broad St | | New York | NY | 10004 | Series C Preferred Shareholder/Warrant Holder | 5.2% of Class |